UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BRIAN KEITH ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:18-cv-00131-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Brian Keith Rose seeks judicial review of an administrative decision of the
Commissioner of Social Security, which denied Rose's claim for supplemental security income
and disability insurance benefits.  Mr. Rose brings this action pursuant to 42 U.S.C. § 405(g),
alleging various errors on the part of the ALJ considering the matter.  The Court, having
reviewed the record and for the reasons set forth herein, will DENY Mr. Rose's motion for
summary judgment but will GRANT judgment in favor of the Commissioner.

**I**

**A**

Plaintiff Brian Keith Rose filed an application for disability insurance benefits in
February 2015 and for supplemental security income in April 2015.  [Tr. 173].  The record
shows that Mr. Rose suffers from Hepatitis B with vasculitis; neuropathy; kidney disease; and
degenerative disc disease.  [Tr. 175].  The severity of Plaintiff's kidney-related symptoms varies,
and he was hospitalized at two different times in 2015—once for nearly a month—when said
symptoms became acute.  [Tr. 177-78].  Moreover, Mr. Rose alleges that he suffers from pain

and numbness in his feet, as well as back pain caused by inflammation of the degenerative disc disease and other symptoms; as a result, Mr. Rose alleges that he is unable to stand or sit continuously for more than 10 minutes. [Tr. 177]. The disability and supplemental income claims, stemming from the aforementioned ailments, were denied initially on April 23, 2015, and upon reconsideration on October 16, 2015. [Tr. 173]. Mr. Rose requested a hearing, which was held before Administrative Law Judge (ALJ) Dennis Hansen on January 27, 2017. *Id.* Following the hearing, the ALJ issued a final decision denying both of Rose's claims for benefits. [Tr. 180].

To evaluate a claim for disability insurance benefit claims, an ALJ conducts a five-step analysis. *See* 20 C.F.R. § 404.1520. First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." 20 C.F.R. § 404.1520(d). Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity ("RFC"), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's

impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id.*; *Jordon v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

ALJ Hansen's written decision proceeds sequentially through the five steps. [Tr. 170]. As an initial matter, the ALJ found that Mr. Rose met the insured status requirements of the Social Security Act through December 31, 2016. *Id.* At the first step, ALJ Hansen found that Rose had not engaged in substantial gainful activity since March 15, 2014, the alleged onset date. *Id.* Since then, Rose has been drawing food stamps and relying primarily on contributions from his parents in order to pay his bills. [Tr. 1085].

Next, at the second step, ALJ Hansen found that Mr. Rose has the following severe impairments: Hepatitis B with vasculitis, neuropathy, kidney disease, and degenerative disc disease. [Tr. 175]. The ALJ also considered the claimant's additional impairments of tobacco abuse, opiate addiction, and hypertension, but found that those ailments would not "cause more than minimal impact on work functioning and therefore under Social Security regulations they are not severe impairments." [Tr. 176]. With respect to hypertension, ALJ Hansen's finding stemmed from testimony and exhibits in the record showing that the claimant's blood pressure has normalized through improved kidney function and treatment with commonly prescribed

medications.  *Id.*  Further, although Mr. Rose had problems with opiate consumption in the past, the ALJ found that currently the claimant does not abuse or use opiates to an extent that supports a finding of "disabled."  *Id.*  Lastly, the ALJ found there was no evidence that the claimant's long-term tobacco use affects his capacity to work.  *Id.*  As such, ALJ Hansen found that the claimant's tobacco abuse, hypertension, and opiate addiction "no more than minimally limit the performance of basic work activity and, therefore, do not constitute severe impairments."  *Id.*  At step three, ALJ Hansen found that Mr. Rose's impairments—even when considered collectively—do not meet or equate to the severity of one of the listed impairments in 20 C.F.R. Part 404 or Part 416.  *Id.*

Before proceeding to step four, ALJ Hansen considered the entire record and determined that Mr. Rose possessed the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with certain limitations described as follows:

> [Mr. Rose] can never climb ladders, ropes, or scaffolds; never be exposed to unprotected heights or dangerous moving machinery; and never operate a motor vehicle at work. He can occasionally climb ramps and stairs; can occasionally stoop, kneel, crouch, and crawl; can occasionally operate foot controls; and can occasionally be exposed to vibration, extreme heat, and extreme cold.

*Id.*  After explaining how he determined Rose's RFC (*see* Tr. 176-79], ALJ Hansen found at step four that, based on this RFC, Rose is unable to perform any of his past relevant very heavy work as a house repairer.  [Tr. 179].

Ultimately, at step five, the ALJ determined that, "Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.  [Tr. 179].  Relying on the vocational expert's testimony that Mr. Rose has the capacity to fulfill "light unskilled occupations" (e.g. ticket taker, rental clerk, office helper), ALJ Hansen found that Rose is

capable of successfully adjusting to other work and therefore "not disabled" under the relevant social security guidelines.  [Tr. 180].

## II

### A

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision.  42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987).  "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole.  *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).  However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite

conclusion.  *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**B**

Mr. Rose first argues that the ALJ erred by failing to duly consider the January 25, 2017, opinion of Dr. Van Zee, Mr. Rose's treating physician.  [R. 13-1 at 9].  Instead, Rose argues, the ALJ "chose to disregard this statement that the doctor only gave a legal opinion which was reserved for that of the administration."  *Id.*  However, the record suggests the ALJ's decision should not be overturned on this basis.

The ALJ did not err when he decided to assign little weight to the opinion of Dr. Van Zee, Mr. Rose's treating physician.  The Social Security Administration has set forth certain guidelines that an ALJ must follow when determining how much weight to assign a treating medical source.  The regulations provide:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(c)(2).  Other factors which must be considered when the treating source opinion is not given controlling weight include the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with other evidence in the record, and whether the treating source is a specialist.  20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(c)(5); 416.927(c)(2)(i)-(ii), (c)(3)-(c)(5).

The regulations also contain a clear procedural requirement that an ALJ must give "good reasons" for discounting a treating physician's opinion, specific enough "to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." 20 C.F.R. §§ 1527(c)(2), 416.927(c)(2); Social Security Ruling ("SSR") 96-2, 1996 WL 374188, at *5 (July 2, 1996). The purpose of the reason-giving requirement is to allow "claimants [to] understand the disposition of their cases, particularly where a claimant knows that his physician has deemed him disabled and therefore might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (citation and internal quotation marks omitted). In addition, the requirement "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* Failure to follow the procedural requirement denotes a lack of substantial evidence, even where the ALJ's conclusion may otherwise be justified on the record. *Id.* at 546.

The ALJ's written opinion explains he assigned little weight to the treating source statement of Dr. Van Zee's conclusion of Mr. Rose's total disability. [Tr. 178]. As an initial matter, the conclusion regarding disability is a legal—not medical—assessment which is reserved exclusively for the Commissioner pursuant to 20 C.F.R. §§ 404.1527(3) and 416.927(e), as well as Social Security Ruling 96-5p. *Id.* Moreover, Dr. Van Zee's opinion was given little weight because it is inconsistent with the objective medical evidence; Dr. Van Zee's assessment of total disability cannot be reconciled with the "static nature" of the treatment he administered to Mr. Rose, which involved almost exclusively routine refills of commonly prescribed pain medication. *Id.*

The opinions of treating physicians are only given substantial deference "when supported by objective medical evidence." *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). The fact that Dr. Van Zee's opinion was not supported with treatment records, then, is a good reason for assigning the opinion only partial weight under the relevant regulations. *See* 20 C.F.R. § 404.1527(c)(3) (explaining the importance of supportability and noting that "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion"). Indeed, the ALJ gave preponderant weight to the opinion of the State agency medical consultant, Dr. Saranga, which was based on a complete review of the medical evidence and consistent therewith. [Tr. 178.] Dr. Saranga assessed that Mr. Rose is able to "perform light work with the additional restrictions contained in the RFC." *Id.*

Mr. Rose contends further that an additional opinion submitted by Dr. Van Zee in May 2017—after the ALJ hearing—should influence this court's decision. [R. 13-1 at 8.] However, as the Commissioner's brief correctly points out, consideration of such late submissions is only proper pursuant to a sentence six remand. [R. 15 at 9.] As the Appeals Council found, and the Commissioner duly notes in her brief, Dr. Van Zee's May note does not satisfy the sentence six requirements insofar that is does not pertain to the period at issue. [Tr. 9]. Thus, consideration of such additional evidence would be improper.

## C

Mr. Rose also claims that the ALJ failed to properly evaluate his subjective complaints of pain. [R. 13-1 at 12]. In the course of a disability determination, an ALJ is required to consider subjective allegations of pain, symptoms, and limitations caused by a claimant's impairment. 20 C.F.R. § 416.929(a). However, an "individual's statements as to pain or other symptoms shall not alone be conclusive evidence of disability…" 42 U.S.C. § 423(d)(5)(A). Rather, there must

be medical evidence showing the existence of a medical impairment "which could reasonably be expected to produce the pain or other symptoms alleged," and which, when considered with all the other evidence, "would lead to a conclusion that the individual is under a disability." *Id.  See also* 20 C.F.R. § 416.929.

The Regulations prescribe a two-step process for assessing a claimant's subjective allegations of pain and other symptoms.  First, the ALJ must determine if the claimant has a medical impairment that could reasonably be expected to produce his or her symptoms.  20 C.F.R. § 416.929(c)(1).  Second, the ALJ must evaluate the intensity and persistence of those symptoms in order to determine how those symptoms limit the claimant's capacity for work.  *Id.* In *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986), the Sixth Circuit similarly articulated a two-step standard for evaluating subjective complaints of pain: First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Thus, as it is implied in the *Duncan* standard, "[i]n evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (citing *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981).  Social Security Ruling 96-7p, however, makes it clear that an "[a]ssessment of the credibility of an individual's statements about pain or other symptoms and about the effect the symptoms have on his or her ability to function must be based on a consideration of all the evidence in the case record."  SSR No. 96-7p, 1996 WL 374186, at *5 (Soc. Sec. Admin. 1996).

The Social Security Ruling also provides that it is not sufficient for the ALJ "to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* at 4. Rather, "[t]he determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* In the words of the Sixth Circuit, "an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters*, 127 F.3d at 531 (citing *Beavers v. Sec. of Health, Educ. and Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978). Still, "[s]ince the ALJ had the opportunity to observe the demeanor of the appellant, his conclusions with respect to credibility 'should not be discarded lightly.'" *Houston v. Sec'y of Health & Human Servs.*, 909 F.2d 365, 367 (6th Cir. 1984) (citing *Beavers*, 577 F.2d at 387).

Here, as to the first step described above, the ALJ did find that Mr. Rose's impairments "could reasonably be expected to cause the alleged symptoms." [Tr. 177]. However, the alleged symptoms failed to satisfy step two to the extent that their "intensity, persistence and limiting effects… are not entirely consistent with the medical evidence and other evidence in the record," upon which the ALJ assessed that Rose has the RFC to perform light work. *Id.* Specifically, Mr. Rose's alleged left foot drop as well as leg pain and numbness were not consistent with the clinical findings on examination. [Tr. 177-78]. Moreover, the ALJ found Rose's "conservative care" was out-of-step with the alleged severity of Rose's impairments. [Tr. 178]. Accordingly, Rose's subjective complaints of pain were properly discounted insofar as they were not consistent with the objective medical evidence.

**D**

Mr. Rose finally contends that ALJ Hansen failed to fully develop the medical evidence, given Rose's lack of representation at the January 2017 hearing. [Rr. 13-1 at 10]. Specifically, Rose argues that the ALJ did not make himself fully aware of the extent to which Dr. Van Zee's records and opinions supported a finding that Rose was indeed disabled. *Id.* However, the record shows that the evidence was adequately developed, notwithstanding Rose's lack of representation.

An ALJ has a "special duty" to develop the record fully when the claimant represents himself in a disability case. *Lashley v. Sec. of H.H.S.*, 708 F.2d 1048, 1051 (6th Cir. 1983). However, there is no test to determine whether the record has been fully developed, and that determination is made on a case by case basis. *Id.* at 1052.

Here, ALJ Hansen fulfilled his obligation to adequately develop the medical evidence in the present case. As an initial matter, at the hearing the ALJ made it clear to Mr. Rose that he was entitled to representation. [Tr. 1082]. ALJ Hansen further informed Rose of how representation could prove helpful towards obtaining medical records that might bolster Rose's case. *Id.* Nonetheless, Rose contends that ALJ Hansen was obligated to contact his treating physician in order to more fully understand the evidence Dr. Van Zee submitted. [R. 13-1 at 11]. No such obligation exists except under circumstances in which the medical records provided are insufficient for the ALJ to make a decision regarding the claimant's disability. *Poe v. Comm'r of Soc. Sec.*, 342 Fed. App'x 149, 156 n.3 (6th Cir. 2009). Here, ALJ Hansen did have sufficient evidence to render such a decision, and therefore he was under no obligation to re-contact Rose's treating physician, Dr. Van Zee.

It is clear from the hearing transcript that ALJ Hansen took adequate measures to develop the record. The ALJ discussed with Mr. Rose every exhibit in the record and allowed Rose to submit additional evidence at the hearing. [Tr. 1080]. Additionally, ALJ Hansen asked Mr. Rose if there were any other medical providers who should be contacted, or documents retrieved; Mr. Rose responded that there were not. [Tr. 1081]. Rose cites to *Copley v. Richardson*, in which the court held that the ALJ did not fully develop the record as to the unrepresented claimant. 475 F.2d 772, 773-74 (6th Cir. 1973). However, the ALJ in *Copley* made no inquiry regarding the effects of the claimant's impairments on her employment, earnings, or mental health. *Id.* This is not comparable to the case at bar, in which ALJ Hansen painstakingly went through Mr. Rose's medical conditions and their effects on his employment potential. [Tr. 1083-92].

## III

Importantly, the Court must uphold the ALJ's decision even if the Court would weigh the evidence differently, and even if substantial evidence also supports Mr. Rose's arguments. *See Ulman*, 693 F.3d at 714; *McMahon*, 499 F.3d at 509. While substantial evidence may, therefore, support some of Mr. Rose's positions, he has not demonstrated that the ALJ's decision was not also supported by substantial evidence or that the ALJ failed to follow applicable procedural rules. For the reasons discussed above, the Court denies the motion for summary judgment filed by Mr. Rose but grants summary judgment in favor of the Commissioner.

Being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1. The Plaintiff's Motion for Summary Judgment [R. 13] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [R. 15] is **GRANTED**; and

3. Judgment in favor of the Commissioner shall enter promptly.

This the 30th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge